IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAMON ACOSTA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-19-CV-265-PRM |
| | § | |
| ODLE MANAGEMENT | § | |
| GROUP, LLC, | § | |
|     Defendant. | § | |

## **ORDER SETTING JURY TRIAL REGARDING ARBITRABILITY**

On this day, the Court considered Plaintiff Ramon Acosta's [hereinafter "Plaintiff"] "Motion to Set a Jury Trial on Defendant's Motion to Compel Arbitration" (ECF No. 21) [hereinafter "Motion"], filed on November 25, 2019, Defendant Odle Management Group, LLC's [hereinafter "Defendant"] "Response to Plaintiff's Motion to Set a Jury Trial" (ECF No. 22) [hereinafter "Response"], filed on December 2, 2019, and Plaintiff's "Reply to Defendant's Response to Plaintiff's Motion to Set a Jury Trial" (ECF No. 23) [hereinafter "Reply"], filed on December 9, 2019, in the above-captioned cause. The Court is of the opinion that a jury trial should be set to determine fact issues related to the validity of the parties' arbitration agreement, for the reasons stated herein.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute. Defendant employed Plaintiff as a welding instructor at the David L. Carrasco Job Corps Center. Brief in Support of Mot. to Compel Arbitration 1, Oct. 8, 2019, ECF No. 7. On or about February 12, 2019, Plaintiff requested and took medical leave due to hepatic steatosis and cirrhosis. Original Compl. ¶¶ 10–11, Oct. 11, 2019, ECF No. 9. After Plaintiff's medical provider approved Plaintiff to return to work, Defendant terminated Plaintiff's employment. *Id.* at ¶ 13.

On June 11, 2019, Plaintiff filed suit in state court against Defendant, alleging violations of 29 U.S.C. § 2611, the Family and Medical Leave Act. Notice of Removal Ex. A, Sept. 16, 2019, ECF No. 1. On September 16, Defendant removed the cause to federal court. Notice of Removal 1.

On October 8, 2019, Defendant filed its "Motion to Compel Arbitration" (ECF No. 6). Therein, Defendant moves to compel Plaintiff to litigate his claims in arbitration, based upon a valid arbitration agreement between the parties. *Id.*

Defendant attaches an arbitration agreement to its pleadings, which reads,

> In consideration of ODLE MANAGEMENT GROUP, LLC (ODLE) agreeing to consider my application for employment, I agree that, . . . any dispute arising between ODLE and me: (i) in connection with my leaving employment, either voluntarily or involuntarily . . . will likewise be resolved exclusively through the process of arbitration.

Agreement to Arbitrate, Oct. 8, 2019, ECF No. 7-1. An individual signed the Agreement "R. Acosta" on April 3, 2017. *Id.*

On October 22, 2019, Plaintiff filed his "Response to Defendant's Motion to Compel Arbitration and Brief in Support of its Motion to Compel Arbitration" (ECF No. 13) [hereinafter "Response to Motion to Compel Arbitration"]. Therein, Plaintiff avers that the arbitration agreement between the parties is invalid because it lacks consideration and Plaintiff's signature on the agreement is a forgery. *Id.* at 2–7.

In an affidavit attached to his filing, Plaintiff attests that, "I began working for Odle Management Group, LLC from May 1, 2016 until April 1, 2019." Aff. of Ramon Acosta, Oct. 22, 2019, ECF No. 13-1. Plaintiff also attests that, "I did not sign the 'Agreement to Arbitrate,'" "I was never presented with the 'Agreement to Arbitrate,'" and "I never saw, viewed or reviewed the 'Agreement to Arbitrate.'" *Id.* at 1–2.

3

Defendant filed its "Reply in Support of its Motion to Compel Arbitration" (ECF No. 15), on October 28, 2019. Therein, Defendant asserts that Plaintiff signed the Arbitration Agreement immediately prior to beginning employment on May 1, 2017, that the arbitration agreement has valid consideration, and that Plaintiff's signature on the arbitration agreement is valid. *Id.* Defendant attaches several new documents to its filing, including: an employment application form signed by Ramon Acosta on April 3, 2017, notes from an interview with Ramon Acosta conducted on April 10, 2017, an affidavit from a custodian of records for Defendant's personnel files, and drug screening and background investigation forms signed by Ramon Acosta on April 3, 2017. *Id.* Exs. A–F.

In his instant Motion, Plaintiff alleges that the Court should hold a trial on the "existence of an arbitration agreement," because the arbitration agreement presented by Defendant lacks consideration, and Plaintiff did not sign the agreement. Mot. 1. Defendant opposes Plaintiff's Motion, arguing that there are no genuine fact issues as to the arbitration agreement's validity, and that the Motion is untimely. Resp. 2–3.

On June 1, 2020, the Court invited the parties to jointly move for a determination of the validity of the arbitration agreement "without the benefit of the jury," due to the continuance of jury trials during the COVID-19 pandemic. Correspondence from the Court to Counsel, June 2, 2020, ECF No. 36. As of the date of this order, the Court has received no joint response from the parties.

## II. LEGAL STANDARD

When a court considers a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, "[a] party to [the] arbitration agreement cannot obtain a jury trial merely by demanding one." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) (quoting *Saturday Evening Post Co. v. Rumbleseat Press*, 816 F.2d 1191, 1196 (7th Cir. 1987)). Rather, the party resisting arbitration bears "the burden of showing that he is entitled to a jury trial under § 4 of the Arbitration Act." *Bhatia v. Johnston*, 818 F.2d 418, 422 (5th Cir. 1987).

Section 4 of the Federal Arbitration Act provides that "[i]f the making of the arbitration agreement" between the parties is "in issue, . . . the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

The Fifth Circuit "has not established the precise showing a party must make" to be entitled to a jury trial pursuant to this provision. *Dillard*, 961 F.2d at 1154. The Circuit has suggested, however, that a party "must make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations proved to be true." *Id.* (quoting *T & R Enters. v. Continental Grain Co.*, 613 F.2d 1272, 1278 (5th Cir.1980)). In addition, the party "must produce at least some evidence to substantiate his factual allegations." *Id.*

### III.  ANALYSIS

Plaintiff has raised fact issues in the above-captioned cause related to his employment start date and the validity of his signature on the parties' arbitration agreement. Because these fact issues call into question the validity of the arbitration agreement between the parties, the Court is of the opinion that it will grant Plaintiff's Motion and set a jury trial to resolve these issues pursuant to 9 U.S.C. § 4. The Court is also of the opinion that Plaintiff's request for a jury trial is timely.

A. **Plaintiff's Employment Start Date**

Plaintiff's alleges that he started his employment with Defendant on May 1, 2016. This claim puts the parties' arbitration agreement in issue because a start date on May 1, 2016 would invalidate Defendant's consideration for the parties' arbitration agreement. Plaintiff also produces some evidence to substantiate his allegation. Accordingly, the Court concludes that a jury trial should be set to determine when Plaintiff began his employment with Defendant.

In order to be enforceable, an arbitration agreement must satisfy all the legal requirements of a contract. *See Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998) ("Arbitration is a matter of contract between the parties."). Thus, an arbitration agreement, like any contract, "must be based on a valid consideration; that is, mutuality of obligation." *Plains Builders, Inc. v. Steel Source, Inc.*, 408 S.W.3d 596, 602 (Tex. App. 2013) (citing *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997)).[1]

---

[1] The Court applies Texas law because "in determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004).

Here, the Court is of the opinion that Plaintiff's claim that he began his employment with Defendant on May 1, 2016, would invalidate the parties' arbitration agreement based on a lack of consideration.  The agreement, signed on April 3, 2017, provides that Plaintiff would arbitrate his employment claims "[i]n consideration of ODLE MANAGEMENT GROUP, LLC (ODLE) agreeing to consider my application for employment."  Agreement to Arbitrate 1.  But if Plaintiff began his employment on May 1, 2016, he would not have received Defendant's promise to consider Plaintiff's employment application in exchange for his promise to arbitrate.  According to Plaintiff, as of April 3, 2017, the date of the signature on the arbitration agreement, Defendant had already considered and accepted Plaintiff's application for employment.  Thus, Plaintiff's allegations, if true, would invalidate the arbitration agreement due to a lack of consideration.

Plaintiff also offers some evidence for his claim that he began his employment with Defendant on May 1, 2016.  Plaintiff states in his affidavit that he "began working for Odle Management Group, LLC from May 1, 2016 until April 1, 2019."  Aff. of Ramon Acosta 1.  Plaintiff's claim stands in contrast to the voluminous evidence

submitted by Defendant that demonstrates Plaintiff began his employment on or about May 1, 2017.  Nevertheless, the Court is of the opinion that Plaintiff's affidavit serves as "some evidence" that supports Plaintiff's position that he began employment on May 1, 2016.  *Dillard*, 961 F.2d at 1154.  The weight of the evidence favoring Defendant's position does not preclude Plaintiff from seeking a jury trial.

In sum, Plaintiff presents some evidence to support his allegation that the arbitration agreement lacks consideration and does not require Plaintiff to arbitrate.  Accordingly, the Court concludes that a jury trial should be set on the issue of when Plaintiff began his employment with Defendant.  *See Dillard*, 961 F.2d at 1154 (requiring "some showing that . . . he would be relieved of his contractual obligation to arbitrate" and "at least some evidence to substantiate his factual allegations").

### B.   Validity of Plaintiff's Signature

Plaintiff also alleges that the arbitration agreement is invalid because his signature on the agreement is a forgery.  Because Plaintiff unequivocally denies the existence of the arbitration agreement and provides evidence in support of his allegations, the Court is of the opinion that Plaintiff puts the validity of agreement in issue.

Accordingly, the Court concludes it should set a jury trial on the authenticity of Plaintiff's signature on the arbitration agreement.

To put the making of the arbitration agreement in issue for its authenticity, the party seeking to challenge the arbitration agreement must "'unequivocal[ly] den[y]' that he agreed to arbitrate and produce 'some evidence' supporting his position." *Chester v. DirecTV, L.L.C.*, 607 F. App'x 362, 364 (5th Cir. 2015) (citing *T & R Enters.*, 613 F.2d at 1278). A party merely stating that he did not sign an arbitration agreement does not put the arbitration agreement in issue. *See Walker v. Tao Operating, L.L.C.*, 2014 U.S. Dist. LEXIS 129518, at *23–24 (E.D. Tex. Aug. 14, 2014) ("A party should not be able to avoid the enforcement of an arbitration agreement that is otherwise valid by obliquely stating without any supporting proof that it is not a genuine signature.").

Plaintiff's allegation that he did not sign an arbitration agreement requires the Court to hold a jury trial because Plaintiff unequivocally denies the existence of the arbitration agreement between the parties. Plaintiff states in his affidavit, "I did not sign the 'Agreement to Arbitrate,'" "I was never presented with the 'Agreement to Arbitrate,'"

10

and "I never saw, viewed or reviewed the 'Agreement to Arbitrate.'" Aff. of Ramon Acosta 1–2. The Court is of the opinion that taken together, these statements qualify as Plaintiff's unequivocal denial of the arbitration agreement. In addition, as compared to similar case law within the Fifth Circuit, Plaintiff's affidavit puts the arbitration agreement in issue. *See Chester*, 607 F. App'x at 364 ("[T]he making of the arbitration agreement was properly in issue because . . . [Plaintiff] unequivocally denied making it and produced an affidavit providing as such."). Accordingly, the Court is of the opinion that a jury trial should be set on the authenticity of Plaintiff's signature on the parties' arbitration agreement.

### C. Timeliness of Jury Demand

Defendant alleges that "Plaintiff failed to timely make a request for a jury trial in his Response to Defendant's Motion to Compel Arbitration." Resp. 3. However, the Court is of the opinion that Plaintiff made a timely request for a jury trial in his "Original Complaint" (ECF No. 9), filed on October 11, 2019.

Pursuant to the Federal Arbitration Act, when a party raises an issue as to the validity of an arbitration agreement, that party may

demand a jury trial "on or before the return day of the notice of application." 9 U.S.C. §4.  Courts interpret this provision to require that a party resisting arbitration must request a jury trial before that party's deadline to respond to a motion to compel arbitration.  *See Uszak v. AT & T Mobility Servs. LLC*, 658 F. App'x 758, 759 (6th Cir. 2016) (denying request for jury trial as untimely); *Gavino v. Eurochem Italia*, 2001 WL 1223576, at *1 (E.D. La. Oct. 15, 2001) (denying request for jury trial because party "did not make any reference to trial by jury").

    Here, the Court concludes that Plaintiff timely requested a jury trial before any deadline imposed by Defendant's Motion to Compel.  On October 11, 2019, Plaintiff requested "that this case be decided by a jury as allowed by the Federal Rules of Civil Procedure 38."  Original Compl. ¶ 20, Oct. 11, 2019, ECF No. 9.  When a party's jury demand does not specify the issues to be tried by a jury, that party "is considered to have demanded a jury trial on all the issues so triable."  Fed. R. Civ. P. 38(c).  Plaintiff did not specify issues to be tried by a jury in his demand.  *See* Original Compl. ¶ 20.  Accordingly, the Court is of the opinion that Plaintiff requested a jury trial on all triable issues, including an

arbitration agreement, on October 11, 2019.  This demand is timely because it came before Plaintiff's deadline to request a jury trial on arbitration, on October 15, 2019.  *See* Mot. to Compel Arbitration (establishing October 15, 2019 deadline due to filing date on October 8, 2019).

## IV.  CONCLUSION

In sum, the Court is of the opinion that it should empanel a jury to determine the narrow fact issues of (1) the date Plaintiff began his employment with Defendant and (2) the authenticity of Plaintiff's signature on the arbitration agreement between the parties.

Accordingly, **IT IS ORDERED** that Plaintiff Ramon Acosta's "Motion to Set a Jury Trial on Defendant's Motion to Compel Arbitration" (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will set a date for a jury trial after the Western District of Texas, El Paso Division, resumes jury trials.  All jury trials through August 31, 2020, have been continued due to the COVID-19 pandemic.

**IT IS FURTHER ORDERED** that Defendant Odle Management Group, LLC's "Motion to Compel Arbitration" (ECF No. 6) is **DENIED**

**WITHOUT PREJUDICE TO REFILING**. Defendant Odle Management Group, LLC may reurge the motion after the Court has conducted a jury trial on issues related to the validity of the parties' arbitration agreement.

**IT IS FINALLY ORDERED** that the Court's "Order Staying All Proceedings and Granting Opposed Motion to Stay Scheduling Order Deadlines" (ECF No. 35) shall remain in effect. All proceedings in this matter shall remain **STAYED** until the Court orders otherwise.

**SIGNED** this **20th day** of **July, 2020.**

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**